Alan S. Gutman, SBN 128514
John Juenger, SBN 225201
LAW OFFICES OF ALAN S. GUTMAN
9401 Wilshire Boulevard, Suite 575
Beverly Hills, CA 90212-2918
Telephone:  310-385-0700
Facsimile:  310-385-0710
email:  alangutman@gutmanlaw.com
           jjuenger@gutmanlaw.com

Attorneys for Plaintiff and Counter-Defendant ACTV8.LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTV8.LLC, | Case No. CV-11-04961-GAF (MANx) |
| Plaintiff, | **PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| vs. | |
| MEDIA GENERAL, INC., MEDIA GENERAL OPERATIONS, INC., DOES 1 to 25, | |
| Defendants. | |
| AND RELATED COUNTER-CLAIM. | |

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on
the parties' Stipulation for Protective Order Re Confidential Documents and
Materials and [Proposed] Protective Order ("Stipulation") filed on April 27, 2012,
the terms of the protective order to which the parties have agreed are adopted as a
protective order of this Court (which generally shall govern the pretrial phase of this
action) except to the extent, as set forth below, that those terms have been

substantively modified by the Court's amendment of paragraphs 6, 7, 14, and 15 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## <u>TERMS OF PROTECTIVE ORDER</u>

1.   As used herein, "Confidential Material" means information that:

(a)   is produced or disclosed by the parties (or third parties) in this litigation pursuant to a properly propounded discovery request or otherwise produced in a manner consistent with the terms of this Protective Order;

(b)   is considered by the producing parties to constitute or contain private, sensitive, or confidential trade secret or proprietary business information including proprietary software, wire frames, financial information, pricing information, customer and/or user information, communications regarding the design and development of the interactive mobile application, and agreements and

communications regarding agreements for the design and development of the interactive mobile application;

(c)     when furnished is so designated by stamping the first page of each such document as "Confidential."  (Alternatively, the parties may make all or some of the documents available to inspect and may designate the documents as Confidential Material subject to the terms of this Protective Order prior to viewing. In such a case, in the event that the inspecting party elects to copy any documents at its own cost, all such documents must be stamped "Confidential" and handled pursuant to the terms of this Protective Order.); and

(d)     is marked "CONFIDENTIAL" according to the procedure outlined in Paragraph 3 below.

2.     The parties and their attorneys shall make a good faith effort to denominate as Confidential Material only such documents and information as reasonably require confidential treatment.  By designating a document, thing, material, testimony, or other information derived therefrom as Confidential Material, under the terms of this Protective Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).  The party designating information, documents, materials, or items as confidential bears the burden of establishing the confidentiality.

3.     Any documents, material, or information to be designated as Confidential shall be so designated by affixing the legend "CONFIDENTIAL," to each page containing any Confidential documents, material, or information.

4.     Any Confidential Material, and any information derived therefrom, shall not be given, shown, disclosed, or made available in any way to any person other than:

(a)     counsel of record for the parties to this Protective Order;

(b)     para-professionals, secretaries, and other non-attorney personnel who are employed by the parties' counsel of record, but only to the extent that disclosure to such persons is necessary in order for them to assist attorneys involved in the preparation of this case;

(c)     experts retained or consulted by the parties' counsel of record for purposes of this action, provided such person executes a Declaration of Compliance in the form attached hereto as Exhibit A;

(d)     any authors or original recipients, if any, of the information designated Confidential;

(e)     the parties, and any officer or employee of the parties, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

(f)     witnesses in the course of deposition, provided such person executes a Declaration of Compliance in the form attached as Exhibit A;

(g)     court reporters, videographers, and persons preparing transcripts of depositions; and,

(h)     the Court in accordance with paragraph 6 below.

5.     Confidential Material and any information derived therefrom, including any notes, abstracts, summaries, or reports made that describe the Confidential Material, shall not be used (other than by parties or by the Court) for any purpose other than the prosecution or defense of claims in this action.  No person authorized to view copies of documents may disclose any portion of the subject matter or contents to any person not authorized in this Protective Order.

6.     No Confidential Material, or any information derived therefrom, including any notes, abstracts, summaries, or reports made that describe the Confidential Material, shall be filed with, submitted to, or otherwise disclosed to the Court in this action or in any appeal herein, except **if such material is submitted to the Court with an application to file under seal in accordance with Local Rule 79-5.**  The party seeking to use such Confidential Material, or any information

derived therefrom, including any notes, abstracts, summaries, or reports made that describe the Confidential Material, must file **an application in accordance with Local Rule 79-5 and provide the requisite showing, based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rules of Civil Procedure Rule 5.2(d).** Any papers or transcripts filed with or submitted to the Court containing Confidential Material, or any information derived therefrom, including any notes, abstracts, summaries, or reports made that describe the Confidential Material, shall not be served upon or disclosed to any person except those persons to whom disclosure is permitted under paragraph 4 of this Protective Order.

7.     All Court orders will be presumptively available to the public. Therefore, if a party files **an application to have** evidence **filed** under seal, all papers that refer to or rely upon such evidence shall designate the particular aspects that are confidential so as to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification, the Court will be free to incorporate all such evidence in its written and oral rulings.

8.     With respect to depositions, if a party intends to disclose any Confidential Material to any person other than those specified in paragraph 4, the following procedure shall apply:

(a)     Whenever Confidential Material is disclosed in a deposition, the party making such disclosure shall inform the witness, on the record, that the use of such Confidential Material is subject to the terms of this Protective Order and the deposing party shall tender a copy of this Protective Order to the witness. If the witness refuses to be bound by the terms of this Protective Order and refuses to sign Exhibit A, then the deposing party may not use the Confidential Material without a Court order.

(b)     If any person present at the deposition, other than the witness, does not come within the categories of persons defined in paragraph 4, that person shall leave while Confidential Material is used during the deposition;

(c)     The portions of the deposition transcript that refer to the Confidential Material must be marked "Confidential" and handled in accordance with this Protective Order.  The transcript that contains references to the Confidential Material must then be handled in accordance with Local Rule 79-5.

9.     Within sixty (60) days of the termination of this litigation, including any appeals herein, all Confidential Material and any material which contain, disclose, or reflect Confidential Material shall be:

(a)     returned to parties that produced the Confidential Material;

(b)     destroyed by the party in possession thereof, and such destruction shall be certified to the producing party; or,

(c)     preserved consistent with the terms of this Protective Order.

10.     This Protective Order shall survive the conclusion of this litigation, including any appeals herein, and the restrictions on communication and disclosure of Confidential Material set forth herein shall continue to be binding upon the parties to this action and all other persons to whom Confidential Material has been communicated or disclosed.

11.     The designation of Confidential Material as "CONFIDENTIAL" pursuant to this Protective Order shall not be construed as a concession by the designating party that such information is relevant, material, or admissible as to any issue.  Nothing in this Protective Order shall be construed as waiving any objection to the production of evidence or to any discovery request, nor shall this Protective Order be construed to require the production of any particular testimony, documents, evidence, or other information.

12.     Each person signing Exhibit A and viewing the documents or related notes hereby agrees to be subject to the jurisdiction of this Court for contempt and

other appropriate proceedings in the event of an alleged violation of this Protective Order.

13.     The production of the documents for inspection, viewing, custody, and note taking shall not constitute a waiver of defendant's right to claim in this lawsuit or otherwise, that the documents or any documents described in them are privileged or otherwise inadmissible.

14.     Sanctions may be granted by the Court for improper use of the produced materials subject to this Protective Order.  Such sanctions may be imposed by the Court on its own motion or on the motion of any party.

15.     Any party may at any time notify the Designating Party in writing (by email and U.S. Mail correspondence) of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law.  The Designating Party shall within ten (10) court days from the date the party sends notice to the Designating Party, meet and confer in good faith with the party challenging the designation in an attempt to resolve such dispute.  The **challenging** party shall have thirty (30) calendar days from the initial meet and confer to file a motion to remove the designation of the material in question.  Any such motion shall be set for hearing on the first available calendar date.  If no motion is filed within 30 days, or any mutually agreed to extension of time, the **challenging** party's objection to the designation shall be deemed withdrawn.  **The burden of establishing that any Material has been designated properly as Confidential Material shall be upon the Designating Party at all times.**  Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

16.     Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37.

17.     This Protective Order may be modified by agreement of the parties, subject to approval of the Court, or by court order.

18.     In the event that the case proceeds to trial, all of the information that was designated as Confidential Material and/or kept and maintained pursuant to **this** Protective Order **shall** become public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

19.     The inadvertent production by any of the undersigned parties of any Confidential Material during discovery in this Action without an appropriate designation, or any other inadvertent production by such party of any document, material, or information in discovery in this Action, shall be without prejudice to any claim that such material is "Confidential," or is privileged in any respect, including by the attorney-client privilege, or protected from discovery as work product or as trial preparation material, and such party shall not be held to have waived any rights by such inadvertent production.  In the event that such production occurs, counsel for the producing party shall redesignate the appropriate level of confidentiality, which shall thereafter apply to such document, material, or information subject to the terms of this Protective Order, but the receiving party shall have no liability for any disclosures made prior to such designation.  Counsel for the producing party will also re-produce the documents with the appropriate confidentiality designation.  In the event that any document that is subject to a claim of privilege or that is protected from discovery as work product or as trial preparation material is inadvertently produced, the party that inadvertently received the document shall return the document together with all copies of the document to counsel for the producing party

///

///

///

promptly after it receives a written notice from counsel for the producing party that the document was produced inadvertently.

**IT IS SO ORDERED.**

Dated:   July 3, 2012

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE WITH AND CONSENT**

**TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare as follows:

1.     I understand that information deemed confidential and proprietary is going to be provided to me pursuant to the terms and restrictions of a Protective Order, dated July 3, 2012, in the case entitled ACTV8.LLC v. Media General, Inc., et al., Case No. 11-CV-04961 GAF (MANx) (the "Action").

2.     I have received and read a copy of the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information discussed to me in connection with the Action except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the Court for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _____ day of _____, 2012, at _____, California.

SIGNATURE _____

NAME _____